Matter of Garcia (2019 NY Slip Op 05981)





Matter of Garcia


2019 NY Slip Op 05981


Decided on July 31, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


[*1]In the Matter of Eric A. Garcia, an attorney and counselor-at-law. Grievance Committee for Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Eric A. Garcia, respondent. (Attorney Registration No. 3013356)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. By decision and order on motion of this Court dated February 10, 2017, inter alia, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based on the acts of professional misconduct set forth in a verified petition dated July 14, 2016, the respondent was barred from relitigating any of the factual issues set forth in the verified petition based on the doctrine of collateral estoppel, and the issues raised in the verified petition and answer thereto, including issues of mitigation, were referred to the Honorable Jerome M. Becker, as Special Referee, to hear and report. By decision and order on motion dated February 24, 2017, the matter was reassigned to the Honorable Arthur J. Cooperman. By decision and order on motion dated October 20, 2017, as amended, the Grievance Committee's motion to deem the charges established based on the respondent's default was denied, and the respondent's application for leave to file a late answer was granted. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 12, 2000.



Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for petitioner.
Eric A. Garcia, East Elmhurst, NY, respondent pro se.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated July 14, 2016, containing two charges of professional misconduct. Following a pre-hearing conference on June 15, 2018, and a hearing on October 11, 2018, the Special Referee issued a report which sustained both charges. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as the Court deems just and appropriate. The respondent opposes the motion and opposes the imposition of any sanction.
Charge One 
Charge one alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of rules 8.4(c) and 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: In or about 2012, the respondent represented the defendant in 37-31 73rd Street Owners Corp. v 37-19 73rd Street, LLC , an action in the Supreme [*2]Court, Queens County, under Index No. 2562/12. That matter involved a dispute between the plaintiff, 37-31 73rd Street Owners Corp., a cooperative apartment building (hereinafter the Coop) and the respondent's client, 37-19 73rd Street, LLC (hereinafter Garcia LLC), an adjacent land owner, regarding Garcia LLC's construction of a new building adjacent to the Coop. The respondent's mother, Maria Garcia, is the sole member of Garcia LLC.
On February 6, 2012, the Coop filed an order to show cause for a license to access Garcia LLC's property in order to close the Coop's window openings that were adjacent to Garcia LLC's property, closings which were required by the Department of Buildings. The respondent, on behalf of Garcia LLC, submitted a cross motion to dismiss the complaint and opposition to the motion, claiming that the window openings must be closed from inside the Coop building and that the Coop should not be granted access to Garcia LLC's property to close the window openings.
On March 28, 2012, in reply to the Coop's opposition to the cross motion, the respondent served and submitted a reply affirmation, to which he attached a letter dated December 2, 2011, addressed to him, and allegedly written and purportedly signed by the Coop's counsel (hereinafter the letter). The letter stated, inter alia, that the Coop "has agreed to allow your contractor to attach plywood to it[s] northern wall as long as it doesn't cause permanent damage to the exterior"; and that the Coop architect had advised the Coop that, "should the lot line windows be ordered closed[,] their contractor [would] close them from inside the building"; and that "[t]here [would] therefore be no need for a license to enter [Garcia LLC's] property to close the window openings from the exterior." The reply affirmation also referred to the letter and alleged that the Coop did not need a license to access Garcia LLC's property because the Coop had agreed to close the window openings from inside the Coop building.
The Coop's counsel notified the Supreme Court that the letter was false and was not the letter that the Coop had sent to the respondent.
On May 11, 2012, the Honorable Bernice D. Siegel, Supreme Court, Queens County, held a framed issue hearing, inter alia, to determine the veracity of the letter. By decision and order dated November 1, 2012, Justice Siegel found that the respondent modified the original December 2, 2011, letter that he received from the Coop's counsel by deleting the body of the original letter and inserting in its place new text, which contained false statements, while the dated letterhead and signature were derived from the original, and that the respondent knowingly submitted that false letter with his reply affirmation to the court.
Charge Two 
Charge two alleges the respondent engaged in frivolous conduct, in violation of rules 3.1 and 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: At a conference meeting and on the record on March 28, 2012, when the Coop's counsel alleged that the letter was fraudulent, the respondent asserted that the letter was the one he had received from the Coop's counsel and that it was not modified in any way. Also on March 28, 2012, when Justice Siegel asked the respondent whether he wanted to withdraw his reply affirmation with the letter, he did not do so.
At the framed issue hearing on May 11, 2012, before Justice Siegel, the respondent continued to assert that the letter was the one that he had received from the Coop's counsel and that it was not modified in any way.
In her November 1, 2012, decision and order, Justice Siegel concluded that, "because the doctored Letter contained material factual statements that were false and [the respondent] knowingly submitted falsified papers before this court, [he] committed frivolous conduct," and granted the Coop's counsel's request for attorney's fees, pursuant to 22 NYCRR § 130-1.1.
Based on the evidence adduced and the doctrine of collateral estoppel, we conclude that the Special Referee properly sustained the charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
At the disciplinary hearing, the respondent, who disputed the findings of Justice Siegal, sought to relitigate the underlying proceedings. Curtailed from doing so, the respondent presented little by way of mitigation as to the letter itself. The respondent expressed no remorse and did not acknowledge any wrongdoing on his part. The respondent testified that he had no legal experience, other than having handled a few real estate closings; that he and his parents reside at Garcia LLC's property; that he spends much of his time caring for his disabled father; and that there is much hostility between the respondent's family and their neighbors who object to Garcia LLC's tenants.
In view of the deception practiced by the respondent and the harm caused to the judicial system, the respondent's failure to appreciate his wrongdoing, his complete lack of remorse, and his failure to pay the sanctions assessed against him for engaging in frivolous conduct, we find that a suspension from the practice of law for three years is warranted.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Eric A. Garcia, is suspended from the practice of law for a period of three years, effective August 30, 2019, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than March 1, 2022. In such application (see 22 NYCRR 691.11 and 1240.16), the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11, and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Eric A. Garcia, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Eric A. Garcia, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Eric A. Garcia, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court